UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE TRAVELERS COMPANIES,
INC. AND THE TRAVELERS
INDEMNITY COMPANY

           Plaintiffs,

v.                                  CASE NO.:3:13-cv-00267-UAMH-TEM

GABRIEL CARRILLO AND
MERASTAR INSURANCE
COMPANY,

           Defendants.

_____/

**DEFENDANT MERASTAR INSURANCE COMPANY'S RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION, PURSUANT TO FRCP 56(d), TO DENY
OR DEFER DEFENDANT MERASTAR INSURANCE COMPANY'S PENDING
DISPOSITIVE MOTION FOR SUMMARY FINAL JUDGMENT**

      Defendant Merastar Insurance Company ("Merastar") submits this Response in

Opposition to Plaintiffs' Motion and Incorporated Memorandum of Law to Deny or Defer

Defendant Merastar Insurance Company's Dispositive Motion for Summary Final Judgment

Pursuant to FRCP 56(d) filed by Plaintiffs The Travelers Companies, Inc. ("Travelers

Companies") and The Travelers Indemnity Company ("Travelers Indemnity"; collectively

"Plaintiffs" or the "Travelers Group") on October 30, 2013. [Doc. 62 (the "Motion to

Defer")]  The Response is based upon the following Memorandum.

**MEMORANDUM IN SUPPORT**

**I.**      **INTRODUCTION**

      In the Amended Complaint, Plaintiffs allege a former employee, Defendant Gabriel

Carrillo ("Carrillo"), breached contractual non-solicitation and non-disclosure obligations to

Plaintiffs while in his current employment with Merastar by soliciting, and ultimately hiring, as many as five of Plaintiffs' employees.  Merastar was not a party to any of the alleged contracts nor had any knowledge thereof.

Relying on Plaintiffs' "information and belief" for support, Plaintiffs also allege Merastar is liable for intentional torts arising out of Carrillo's alleged breaches.  Eight months of litigation, including substantial paper discovery and the depositions of both Carrillo and Merastar, have revealed there is no factual basis for Plaintiffs' claims against Merastar.  Based upon this undisputed evidence, Merastar moved for summary judgment on the claims asserted by Plaintiffs against Merastar in Counts I, II, and V (incorrectly labeled as Count IV) of the Amended Complaint.

Notwithstanding the un-rebutted evidence, and effectively conceding they lack any evidence to create a genuine issue of material fact as to the issues raised in Merastar's summary judgment motion, Plaintiffs now ask this Court to defer ruling on Merastar's summary judgment motion to allow Plaintiffs to seek yet more discovery in a continued attempt to uncover evidence to contradict the record developed to date.

## II.      PROCEDURAL BACKGROUND

### A.      The Pleadings

Plaintiffs filed their original Complaint on March 12, 2013. [Doc. 1]  Merastar moved to dismiss the original Complaint on April 3, 2013. [Doc. 20]   In response, Plaintiffs conceded the original complaint was defective by filing an Amended Complaint on April 22,

2013. [Doc. 23]   In the Amended Complaint[1], Plaintiffs allege that Carrillo breached contractual non-solicitation and non-disclosure obligations to Plaintiffs by: (i) soliciting five individuals, William Cage, Sheri Green-Hillis, David Pearlmutter, Christy Jones, and Kristin Le (collectively the "Former Employees"), to leave their employment with Plaintiffs and accept employment with Merastar; and (ii) using confidential information obtained during his employment with Plaintiffs in connection with his employment at Merastar.  [Doc. 23]

Plaintiffs allege Merastar is liable for tortious interference with Plaintiffs' business relationships and civil conspiracy because, purportedly, Merastar "had knowledge of the contractual relationship between Carrillo and the Travelers Group", it "intentionally and unjustifiably aided and encouraged Carrillo to breach his contractual obligations" to Plaintiffs, and "induced employees and former employees of the Travelers Group to disclose confidential information regarding the Travelers Group in violation of the employees' respective Principles of Employment Agreements." [*Id.*, ¶¶ 48, 50, 52, 62]

**B.     Discovery to Date**

*1.     Travelers Has Received Significant Discovery*

In an attempt to support their "information and belief" allegations made in the Amended Complaint, Plaintiffs have sought and received extensive discovery.  Both Carrillo

---

[1] On October 24, 2013, Plaintiffs sought leave of this Court to further amend their complaint to add Kemper Corporation, the indirect parent of Merastar, as a party defendant ostensibly on the recent revelation that the Former Employees are joint employees of Kemper Corporation and Merastar.  [Doc. 58]   Plaintiffs rely upon the proposed amendment in the Motion to Defer. [Doc. 62, p.3]   On November 8, 2013, Merastar filed its opposition to Plaintiffs' motion to file a second amended complaint. [Doc. 65]  As Plaintiffs' own filings with the Court specifically identify the Former Employees' employer as Merastar [*see* Docs. 38-3, 41], Mersatar submits Plaintiffs' proposed second amendment is without merit and should provide no support for the Motion to Defer.

and Merastar served their respective Rule 26(a)(1) disclosures on June 14, 2013.  Plaintiffs have also received written discovery and documentation from Carrillo, from Merastar, and from each of the Former Employees pursuant to third-party subpoenas.

In connection with Plaintiffs' discovery requests to Merastar, Merastar has produced several thousand pages of documents, and many of the documents produced by Carrillo were Merastar documents Carrillo was able to access only because of his employment with Merastar.  Further, the Former Employees, over objection and in response to Plaintiffs' subpoenas, produced several hundred pages of documents (some of which were fantasy football, social gathering, and similar communications) all produced simply because they represented a communication with someone employed by the Plaintiffs.  [Docs. 32, 51]

On June 20, 2013, Plaintiffs deposed Carrillo, and Carrillo testified as to all of the topics and questions raised by Plaintiffs' counsel.  Plaintiffs also deposed the Corporate Representative of Merastar on September 25, 2013.[2]  Plaintiffs have received more than adequate discovery to permit Plaintiffs to raise any meritorious fact or argument in opposition to the issues raised in Merastar's summary judgment motion.

---

[2]  In the Motion to Defer, Plaintiffs place special emphasis on purported delays in scheduling the deposition of Merastar's Corporate Representative.  Plaintiffs omit that the deposition was initially scheduled for July 18, 2013, and was only rescheduled to accommodate the funeral of the undersigned's mother-in-law.  The deposition was rescheduled for the first date that counsel for Travelers and Carrillo could both accommodate, and in the intervening time, Plaintiffs received additional document production.  The deposition of Merastar corporate representatives was completed on September 25, 2013.

>   **2.**   ***Discovery Regarding Merastar's Knowledge of Carrillo's Purported Contract Obligations to Plaintiffs***

At his deposition, Carrillo testified that until he received the February 26, 2013 letter from Plaintiffs (one year after he was hired by Merastar and after the recruitment of all of the Former Employees was complete) he was not aware that he had any contractual obligations to Plaintiffs:

>   Q   Okay. So prior to the cease and desist letter from the Travelers attorneys, you did not disclose to anyone with your current employer that you had contractual obligations to Travelers; is that correct?
>
>   * * *
>
>   A   I wasn't aware I had one, so I didn't say anything to anybody. It didn't even come up.

[Carrillo Depo., 134:2-10][3]

Carrillo further testified that he was not asked about restrictive contractual obligations to Plaintiffs while interviewing with Merastar or during the orientation process after Merastar hired him [*id.* at 133:13-20].

On September 25, 2013, Plaintiffs deposed Merastar's Corporate Representative designees, including Scott Tomlinson, Vice President of Human Resources and the senior-most human resources person involved with hiring people for the property and casualty division – the department in which Carrillo and all but one of the Former Employees are employed. [Tomlinson Depo., 5:19-22, 7:25-8:10, 94:23-95:22, 106:16-107:15, 108:12-22,

---

[3] A copy of the transcript of the Deposition of Gabriel Carrillo was filed with the Court under seal on October 25, 2013, as Exhibit G to Merastar Insurance Company's Notice of Filing Under Seal.  [Doc. 59]

110:2-9][4]   Tomlinson, on behalf of Merastar, also testified that Merastar did not know of

Carrillo's contractual obligations to Plaintiffs:

> Q       The first time you found out [Carrillo] had an agreement was when?
> A       The first time I knew he had an agreement is when we probably got the complaint letter filed by Travelers.
> Q       Okay.  Prior to the day the complaint was filed, you didn't have any idea that he had any agreements?
>                                      * * *
> A       I did not.
> Q       Did anyone at Kemper or Merastar have any understanding of his agreements?
> A       No, not to my knowledge.
> Q       No one, even the general counsel, nobody asked the question, "Do you have an agreement that we need to be worried about?"
> A       No.
>                                      * * *
> Q       So why did you send him that letter?
> A       Because I had received the suit paper, which was a shock to me.  It was the first time I had ever heard of this.  I never knew of any nonsolicitation agreement.

[Tomlinson Depo., 44:1-19; 48:8-11]

Merastar's corporate representatives also confirmed that Carrillo was not asked about

restrictive contractual obligations to the Travelers Group while interviewing with Merastar or

during the origination process after Merastar hired him.  [*Id.*, 43:3-44:5]

Carrillo's and Merastar's testimony was also corroborated by contemporaneous

correspondence exchanged between Plaintiffs' in-house counsel Kenneth Spence and

Merastar's counsel Dorothy Langley as well as contemporaneous correspondence authored

---

[4] A copy of the transcript of the Deposition of Merastar's Designated Corporate Representative, Scott Tomlinson, as well as selected exhibits thereto, is attached as Exhibit H to Merastar's Notice of Filing Materials in Support of Its Motion for Summary Judgment. [Doc. 55-8]

by Tomlinson. [Tomlinson Depo., 259:6-22, Ex. 45 (MER000611); Carrillo Depo., 148:13-23, Ex. 48; Affidavit of D. Langley, Ex. 2 (MER000470)][5]

In addition to the evidence adduced from Carrillo and Merastar, Plaintiffs have acknowledged they have no internal evidence supporting their allegation in the Amended Complaint that Merastar knew of Carrillo's agreements with Plaintiffs. [*See* Plaintiff The Travelers Companies, Inc.'s Responses to Defendant Merastar Insurance Company's First Set of Interrogatories, pp. 13-14][6]

### 3. *Discovery Regarding the Scope of Carrillo's Involvement in the Hiring Process*

According to both Carrillo and Merastar, Carrillo's involvement in the hiring of the Former Employees was within the ordinary course of his job as Senior Vice President of State Management at Merastar. [Carrillo Depo., 122:21-123:8; Tomlinson Depo., 15:3-6, 279:25-280:4]  He participated in the candidate interview and consideration process for the open positions in his department [Carrillo Depo., 122:21-123:4], and his efforts in hiring these individuals were intended to benefit Merastar. [*Id.* at 123:5-8]  Consistent with Merastar policy and practice, the Former Employees' candidacies for employment were handled primarily by members of Merastar's human resources department. [Carrillo Depo., 82:3-15, 87:10-16; Tomlinson Depo., 140:10-12]  Carrillo also considered and hired candidates for

---

[5] A copy of the Affidavit of Dorothy S. Langley, and the exhibits thereto, is attached as Exhibit B to Merastar's Notice of Filing Materials in Support of Its Motion for Summary Judgment.  [Doc. 55-2]

[6] A copy of Plaintiff The Travelers Companies, Inc.'s Responses to Defendant Merastar Insurance Company's First Set of Interrogatories is attached as Exhibit C to Merastar's Notice of Filing Materials in Support of Its Motion for Summary Judgment.  [Doc. 55-3]

open positions in Merastar's state management department from companies other than Travelers. [Carrillo Depo., 128:6-15; Tomlinson Depo., 146:1-5]

### C.    Merastar's Summary Judgment Motion

Merastar filed its Dispositive Motion for Summary Final Judgment ("Motion for Summary Judgment") on October 23, 2013.  [Doc. 54]    Merastar argued that summary judgment was appropriate because, among other things: (1) no genuine issue of material fact existed as to whether Merastar possessed the required knowledge of Carrillo's purported contractual obligations to the Travelers Group to be liable for an intentional tort; (2) the undisputed evidence showed that Merastar did not act with improper motive and that Carrillo participated in Merastar's employment of the Former Employees in the ordinary course of his job as Senior Vice President of State Management; (3) it was without dispute that neither Merastar nor Carrillo used improper means in recruiting and employing 5 of Plaintiffs' former at-will employees; and (4) as a matter of well-established Florida law, Plaintiffs claim for conspiracy failed under the intracorporate conspiracy doctrine.

Considerable evidentiary materials were filed in support of Merastar's Motion for Summary Judgment. [Docs. 55, 57, 59]

## III.   ARGUMENT

### A.    Law Relating to Rule 56(d), Federal Rules of Civil Procedure

Rule 56 governs summary judgment proceedings in this Court.  Fed. R. Civ. P. 56. Under Rule 56, unless a different time is set by local rule or court order, "a party may file a motion for summary judgment *at any time* until after 30 days after the close of all discovery."  Fed. R. Civ. P. 56(b) (emphasis added).  Although courts have interpreted Rule

56 such that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery, there is no requirement that all conceivable discovery a party might wish to pursue has been completed prior to ruling on a summary judgment motion.  *See Reflectone, Inc. v. Farrand Optical Co., Inc.,* 862 F.2d 841, 843 (11th Cir. 1989).

Under Rule 56(d), a party opposing summary judgment may request that the court delay ruling on the motion in order to obtain additional discovery, without which the party "cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(d).  Specifically, Rule 56(d)[7] provides that:

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1)     defer considering the motion or deny it;
> (2)     allow time to obtain affidavits or declarations or to take discovery; or
> (3)     issue any other appropriate order.

*Id.*[8]

The burden on a party resisting summary judgment is not a heavy one, thus one must conclusively justify their entitlement to the shelter of Rule 56(d) by presenting **specific facts**, by affidavit or declaration, and explaining their inability to make a substantive response. *Virgilio v. Ryland Grp., Inc.,* 680 F. 3d 1329, 1338 (11th Cir. 2012) (citation omitted).  A party seeking to use Rule 56(d) "may not simply rely on vague assertions that additional

---

[7] Rule 56 was amended in 2010.  Prior to 2010, the provisions now contained in Rule 56(d) were in subsection (f) of Rule 56.  *See* Fed. R. Civ. P. 56(f) (2009).

[8] In support of the Motion to Defer, Plaintiffs rely solely on the representations of counsel and have filed no affidavit or declaration separate from the Motion.  While appearing contrary to the express language of Rule 56(d), courts in the 11th Circuit have deemed this procedure adequate.  *See Snook v. Trust Co. of Ga. Bank of Savannah, N.A.,* 859 F.2d 865, 871 (11th Cir. 1988).  Merastar, however, submits that the unsupported statements of counsel should be afforded less weight than if the express requirements of the rule were followed.

discovery will produce needed, but unspecified facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Reflectone,* 862 F.2d at 844-45 (internal quotation and citation omitted); *see also Morrow v. Israel Aircraft Indus., Ltd.,* 2007 WL 2826148, *4 (M.D. Fla. 2007).

In deciding whether to grant or deny a Rule 56(d) motion, a court must "balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party." *Harbert Int'l, Inc. v. James,* 157 F.3d 1274, 1280 (11th Cir. 1998).

While Merastar recognizes that deferring or denying summary judgment may be appropriate in some instances, as set forth in more detail below, the facts in this case demonstrate that Plaintiffs have received significant amounts of directly relevant discovery, including the depositions and document productions of both Defendants, and that such discovery conclusively shows that genuine issues of material fact supporting of Plaintiffs' claims against Merastar do not exist. *Cf. Morrow,* 2007 WL 2826148 at *4 (denying summary judgment motion filed prior to the parties' case management conference because the plaintiffs had no opportunity to engage in discovery from the movant prior to filing their responses to the summary judgment motions).

**B.** **The Motion to Defer Should be Denied Because Plaintiffs Have Not – And Cannot – Present Specific Facts To Support Their Request For Additional Discovery**

Plaintiffs' Motion to Defer fails to meet the minimum standard necessary to delay ruling on Merastar's Motion for Summary Judgment because Plaintiffs' have not – and

cannot – demonstrate why they are currently unable to "present facts essential to justify its opposition."

Through their Motion to Defer, Plaintiffs contend that they are unable to rebut Merastar's Motion for Summary Judgment because further discovery, including the depositions of 7 current Merastar employees and 2 former Merastar employees[9], are needed. Notwithstanding these conclusory assertions, at no point do Plaintiffs present facts or specifically demonstrate how this additional discovery will enable them to rebut the undisputed record evidence that neither Carrillo himself, nor Merastar, had knowledge of Carrillo's contractual obligations to the Travelers Group, or that Carrillo's participation in Merastar's recruitment of the Former Employees was done in anything but the ordinary course of his job as Senior Vice President of State Management. Instead, Plaintiffs generically state without any support that they "anticipate" that further discovery will be "probative" and "critical" to their claims.[10] [Doc. 62, pp. 9, 11, 13, 15]

Plaintiffs' lack of detail and reliance on conclusory statements show their true purpose – delay. Plaintiffs ignore the fact that the instant action has been pending for over 8

---

[9] As to the former Merastar employees, presumably nothing would prohibit Plaintiffs from seeking informal discovery or an affidavit if such individuals had information that supported Plaintiffs allegations.

[10] It is worth noting that the discovery Plaintiffs state that they intend to seek from the Former Employees is largely irrelevant to issues raised in the Motion for Summary Judgment, and instead, would only be relevant to claims brought against the Former Employees. Such testimony includes: (1) each Former Employee's resignation from Travelers Group; (2) each Former Employee's knowledge of continuing obligations to the Travelers Group; (3) each Former Employee's retention and use of confidential or proprietary information of the Travelers Group; and (4) each employee's recruiting efforts on behalf of Merastar. [Doc. 62, pp. 13-14] Should Plaintiffs wish to depose the Former Employees on these topics prior to filing suit against them, Plaintiffs must comply with the provisions of Rule 27, Federal Rules of Civil Procedure – which they have not done. *See* Fed. R. Civ. P. 27(a).

months, over which time Plaintiffs have amended their complaint once and have demanded –

and received – the discovery requested from both the principal actors, as well as from the

Former Employees.   Both Defendants to this action have not only been deposed, but they

have provided robust productions of paper and electronic documents, as well as answers to

written discovery.     In addition, the Former Employees have provided substantial

documentation relating to their recruitment and employment by Merastar.   The evidence

already produced relates directly to the allegations at issue in both the complaint and

Merastar's Motion for Summary Judgment, and further, unequivocally demonstrates that

neither of the Defendants to this action had knowledge regarding Carrillo's purported

contractual obligations to the Travelers Group and that Carrillo only acted within the scope

of his employment

In an attempt to provide support for their Motion to Defer, Plaintiffs complain

extensively about delay associated with scheduling the deposition of Merastar's corporate

representative.   However, no motion to compel this deposition, or any other allegedly

outstanding or deficient discovery, has ever been filed.   While Plaintiffs may not have

received the information on the date they initially desired, discovery was received by the

Plaintiffs well in advance of the filing of Merastar's Motion for Summary Judgment.   The

record therefore simply does not support Plaintiffs' contention that their ability to provide a

substantive summary judgment response has somehow been curtailed.[11]    *See Avirgan v.*

*Hull,* 932 F.2d 1572, 1580 (11th Cir. 1991) (holding that "[w]here a significant amount of

---

[11] Plaintiffs also complain that Merastar moved for summary judgment prior to the close of discovery.  Nothing prohibits Merastar from moving for summary judgment upon receiving sufficient discovery which shows that no genuine issue of material fact exists as to the claims alleged against it.  *See* Fed. R. Civ. P. 56(a), (b); *Reflectone,* 862 F.2d at 843.

discovery has been obtained, and it appears that further discovery would not be helpful in resolving the issues, a request for further discovery is properly denied"); *see also Camera v. Brinker Int'l,* 161 Fed. App'x 893, *2 (11th Cir. 2006) (denying discovery request was not abuse of discretion when Plaintiff was previously unable to elicit any evidence to support her legal theories).

Finally, the burden that would be placed on Merastar to produce multiple key employees to provide repetitive testimony as to facts which have already been conclusively determined is great.  In responding to Plaintiffs' discovery efforts to date, Merastar has already incurred well in excess of $100,000 in fees and costs.  Rather than attempt to fulfill their very minimal burden in resisting summary judgment, Plaintiffs instead persist in hoping more depositions will reveal something contrary to what has been provided already by the Defendants.

Plaintiffs initiated litigation against Merastar supported only by "information and belief."  They must now accept the consequences of that.  The fact that Plaintiffs' discovery efforts have not provided support for their claims does not provide them the right to engage in a continuing fishing expedition for evidence to support their unfounded claims.  *See Porter v. Ray,* 461 F.3d 1315, 1324 (11th Cir. 2006) (noting that the rules of discovery do not permit parties to engage in fishing expeditions); *see also Hancock Bank v. Hill St., L.L.C.,* 2013 WL 5739780,* 3 (M.D. Fla. 2013) (stating that "[t]he Court is not inclined to allow Defendant to go on a fishing expedition to see if it can locate some evidence potentially allowing it to raise a presently non-existent defense").

Thus, the burden placed on Merastar in complying with Plaintiffs' duplicative discovery requests far outweighs Plaintiffs' desire or need for that additional discovery.

## IV.     CONCLUSION

Plaintiffs' unspecified and unsupported assertions of counsel that contrary evidence somewhere exists is not a sufficient basis to deny or defer ruling on Merastar's Motion for Summary Judgment.  As such, Plaintiffs' Motion and Incorporated Memorandum of Law to Deny or Defer Defendant Merastar Insurance Company's Dispositive Motion for Summary Final Judgment Pursuant to FRCP 56(d) should be denied and the Court should proceed to consider and rule on Merastar's Motion for Summary Judgment.

Respectfully submitted this 13th day of November, 2013

TANNER BISHOP

By: /s/ *Gilbert L. Feltel, Jr.*
        Gilbert L. Feltel, Jr.

Florida Bar Number 993603
Michael G. Tanner
Florida Bar Number 261300
C. Matthew Detzel
Florida Bar Number 050604
One Independent Drive, Suite 1700
Jacksonville, Florida 32202
904-598-0034/904-598-0395 (Fax)
gfeltel@tannerbishop.com
mtanner@tannerbishop.com
mdetzel@tannerbishop.com

*Attorneys for Defendant*
*Merastar Insurance Company*

## CERTIFICATE OF SERVICE

I certify that on the 13th day of November, 2013, I electronically filed a copy of the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of the electronic filing to Richard C. McCrea, Greenberg Traurig LLP, Courthouse Plaza, Suite 100, 625 East Twiggs Street, Tampa, Florida 33602; David W. Long-Daniels, Natasha L. Wilson, and Sumaya Ellard, Greenberg Traurig LLP, Terminus 200, 3333 Piedmont Road, N.E., Suite 2500, Atlanta, Georgia 30305; and Gary R. Kessler, Law Firm of Gary R. Kessler, P.C., 3379 Peachtree Road, N.E., Suite 400, Atlanta, Georgia 30326.

/s/ *Gilbert L. Feltel, Jr.*
Attorney

00035684v2.doc